UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------ x
:
CREDIT SUISSE (LUXEMBOURG) S.A., :
:
           *Plaintiff*, :
:   Case No.
      - against - :
:   COMPLAINT
ART PARTNER INC. :
:
           *Defendant*. :
:
------------------------------------ x

       Plaintiff Credit Suisse (Luxembourg) S.A. ("Credit Suisse"), by and through its attorneys, Sutherland Asbill & Brennan LLP, as and for its Complaint herein against Defendant Art Partner Inc. ("Art Partner"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.     This action arises out of Art Partner's failure to return 100,000 euros erroneously wired from Credit Suisse[1] to Art Partner on January 16, 2015 (the "January 16 transfer").

    2.     Immediately after the erroneous January 16 transfer, Credit Suisse notified Art Partner of the mistake and requested that Art Partner return the 100,000 euros. Art Partner refused to return the funds.

    3.     Credit Suisse also sent a notice letter to Art Partner on May 20, 2015, again requesting return of the erroneously transferred funds.

---

[1] The two wire transfer confirmations attached hereto as Exhibits A and B identify Credit Suisse (France) as the Sender of the transfers to Art Partner, but Credit Suisse (France) has been merged into Credit Suisse (Luxembourg) S.A. Credit Suisse (France) merely operates as a French branch of Credit Suisse (Luxembourg) S.A. and does not have a separate corporate existence. Thus, Credit Suisse (Luxembourg) S.A. is entitled to bring the present action against Art Partner.

4. After Art Partner failed to respond to Credit Suisse's notice letter, Credit Suisse's counsel sent a demand letter to Art Partner on July 2, 2015, requesting that Art Partner immediately return the 100,000 euros to Credit Suisse to prevent the filing of a lawsuit.

5. Art Partner has refused to return the 100,000 euros and remains in wrongful possession of the funds.

6. As a result, Credit Suisse hereby brings this action seeking a return of the 100,000 euros mistakenly transferred to and wrongfully retained by Art Partner.

## PARTIES

7. Plaintiff Credit Suisse is a foreign company organized and existing under the laws of Luxembourg.

8. Upon information and belief, Defendant Art Partner is a domestic corporation organized and existing under the laws of the State of New York, with its principal office located at 1 Dekalb Avenue, 4th Floor, Brooklyn, New York 11201.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action because the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

10. Defendant Art Partner is subject to the personal jurisdiction of this Court, and venue is therefore proper pursuant to 28 U.S.C. § 1391, because Defendant Art Partner is incorporated in the State of New York and maintains its principal place of business in Kings County, New York.

11. In addition, a substantial part of the events giving rise to the claims herein occurred in the judicial district of this Court.

## FACTS

12. On January 12, 2015, Credit Suisse wired 100,000 euros to Art Partner on behalf of Credit Suisse's client, Made in K (the "January 12 transfer").

13. Four days later, on January 16, 2015, Credit Suisse mistakenly transmitted a duplicate transfer in the amount of 100,000 euros to Art Partner due to a technical error at Credit Suisse.

14. The January 16 transfer was not made on behalf of, or authorized by, Made in K or any other Credit Suisse client.

15. The January 16 transfer of 100,000 euros was of Credit Suisse's own funds, to which Art Partner has no valid claim.

16. Immediately after the January 16 transfer, Credit Suisse notified Art Partner of the error and requested that Art Partner return the funds. Art Partner refused to do so.

17. On May 20, 2015, Credit Suisse sent Art Partner a notice letter again requesting that Art Partner return the erroneously transferred funds. Art Partner failed to respond to Credit Suisse's notice letter.

18. On July 2, 2015, Credit Suisse, through counsel, sent Art Partner another letter, again explaining the error and confirming that Art Partner was not entitled to the 100,000 euros. Credit Suisse again requested immediate return of the erroneously transferred funds.

19. On July 6, 2015, Manny Lee, Art Partner's Finance Manager, emailed Credit Suisse's counsel and claimed that the January 16 transfer was issued by Made in K to Art Partner for outstanding invoices and that Made in K had instructed Art Partner to apply the amount against the outstanding balance.


20. Credit Suisse, through counsel, responded on July 8, 2015, and again explained that the January 16 transfer was made in error and was not made on behalf of, or authorized by, Made in K but rather consisted of Credit Suisse's own funds to which Art Partner had no valid claim.

21. Credit Suisse further explained that the fact that Made in K may have owed money to Art Partner made no difference, as the January 16 transfer was of Credit Suisse's own funds, not of Made in K's funds, and Made in K's Credit Suisse account was not debited the 100,000 euros because the transfer was not made on behalf of, or authorized by, Made in K.

22. Attached hereto as Exhibit A is a transfer confirmation for the January 12 transfer, which was made on behalf of and authorized by Made in K. Attached hereto as Exhibit B is a transfer confirmation for the January 16 transfer, which was not made on behalf of or authorized by Made in K.

23. The two transfer confirmations list not only the same ordering party and amount but also the same exact remittance information, TR 19093, because the second transfer, on January 16, 2015, was a mistaken duplication of the January 12 transfer.

24. To date, Art Partner has refused to return the 100,000 euros erroneously transferred to it by Credit Suisse on January 16, 2015, and Art Partner remains in wrongful possession of the funds.

## FIRST CAUSE OF ACTION
### (Unjust Enrichment)

25. Credit Suisse restates each and every allegation and factual averment in Paragraphs 1–24 as though fully set forth herein.

26. Credit Suisse mistakenly transferred 100,000 euros of its own funds to Art Partner on January 16, 2015.

27. Credit Suisse immediately notified Art Partner of the mistake and requested return of the funds.

28. Art Partner refused to return the erroneously transferred funds and remains in wrongful possession of Credit Suisse's property.

29. As a result, Art Partner has been unjustly enriched at the expense of Credit Suisse in the amount of 100,000 euros.

30. Consequently, it is against equity and good conscience to permit Art Partner to retain the 100,000 euros rightfully belonging to Credit Suisse, and principles of equity demand that Art Partner return the 100,000 euros to Credit Suisse.

## SECOND CAUSE OF ACTION
### (Money Had and Received)

31. Credit Suisse restates each and every allegation and factual averment in Paragraphs 1–30 as though fully set forth herein.

32. Credit Suisse mistakenly transferred 100,000 euros to Art Partner on January 16, 2015.

33. Credit Suisse immediately notified Art Partner of the mistake and requested return of the funds.

34. Art Partner has refused to return the erroneously transferred funds and remains in wrongful possession of Credit Suisse's monies.

35. As a result, Art Partner possesses monies in the amount of 100,000 euros that rightfully belong to Credit Suisse and that in equity and good conscience Art Partner may not retain but rather must return to Credit Suisse.[2]

## REQUESTED RELIEF

WHEREFORE, Plaintiff Credit Suisse (Luxembourg) S.A. requests:

A. On the First and Second Causes of Action, judgment against Defendant Art Partner Inc. in favor of Plaintiff Credit Suisse (Luxembourg) S.A. in the amount of 100,000 euros; and

B. Such other and further relief as this Court deems just and proper.

Dated: December 3, 2015

Respectfully Submitted,

*[signature]*

PETER LIGH
MARY BETH MARTINEZ
Sutherland Asbill & Brennan LLP
1114 Avenue of the Americas
40th Floor
New York, New York 10036
(212) 389-5000

*Attorneys for Plaintiff*

---

[2] Attached hereto as Exhibits C and D are two articles, one published by ABC News and the other by the Guardian, illustrating that money obtained due to a bank error may not be retained by the person who receives the money because such person has no legal right to the funds.

6