UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CREDIT SUISSE (LUXEMBOURG) S.A.,<br><br>        Plaintiff,<br><br>   v.<br><br>ART PARTNER INC.,<br><br>        Defendant. | Case No. 1:15-cv-06891-RRM-MDG |

## ANSWER OF DEFENDANT ART PARTNER, INC.

Defendant Art Partner, Inc. ("Art Partner"), by its undersigned counsel, Cowan, DeBaets, Abrahams & Sheppard LLP, hereby answers the complaint of plaintiff Credit Suisse (Luxembourg) S.A. ("Plaintiff"), in this action dated December 3, 2015 ("Complaint"), as follows:

## PRELIMINARY STATEMENT

1. Deny the allegations contained in Paragraph 1, except admit that this action purports to arise out of Art Partner's failure to return money to Plaintiff. As to footnote 1, deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in footnote 1, and therefore deny same.

2. Deny the allegations contained in Paragraph 2, except admit that Plaintiff requested that Art Partner return the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

3. Deny the allegations contained in Paragraph 3, except admit that Plaintiff sent a notice letter to Art Partner on May 20, 2015.

4. Deny the allegations contained in Paragraph 4, except admit that Plaintiff's counsel sent a demand letter to Art Partner on July 2, 2015.

5. State that the allegations contained in Paragraph 5 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations contained in Paragraph 5 but admit that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

6. State that the allegations contained in Paragraph 6 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations contained in Paragraph 6 but admit that Plaintiff purports to bring this action to seek return of the funds at issue in this case.

## PARTIES

7. Deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 7, and therefore deny same.

8. Admit the allegations contained in Paragraph 8.

## JURISDICTION AND VENUE

9. State that the allegations contained in Paragraph 9 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admit that this case is a civil action purporting to arise under 28 U.S.C. § 1332, and as such this Court would have subject matter jurisdiction.

10. State that the allegations contained in Paragraph 10 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admit that Art Partner is a New York corporation with its principal place of business in New York, and as such would be subject to personal jurisdiction and venue in this Court.

11. State that the allegations contained in Paragraph 11 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny same.

## FACTS

12. Admit the allegations contained in Paragraph 12.

13. Deny the allegations contained in Paragraph 13, but state that Art Partner did receive a transfer of 100,000 euros on January 16, 2015.

14. Deny the allegations contained in Paragraph 14.

15. Deny the allegations contained in Paragraph 15.

16. Deny the allegations contained in Paragraph 16 but admit that Plaintiff requested that Art Partner return the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

17. Deny the allegations contained in Paragraph 17 but admit that Plaintiff requested that Art Partner return the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

18. Deny the allegations contained in Paragraph 18 but admit that Plaintiff requested that Art Partner return the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

19. Admit the allegations contained in Paragraph 19.

20. Deny the allegations contained in Paragraph 20 but admit that Plaintiff requested that Art Partner return the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

21. Deny the allegations contained in Paragraph 21 but admit that Plaintiff purported to explain its position to Art Partner.

22. Deny the allegations contained in Paragraph 22 but state that the documents attached to the Complaint as Exhibits A and B speak for themselves and indicate that the transfers were, in fact, authorized by Made in K.

23. Deny the allegations contained in Paragraph 22 but state that the documents attached to the Complaint as Exhibits A and B speak for themselves and indicate that the transfers were, in fact, authorized by Made in K.

24. State that the allegations contained in Paragraph 24 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny same, but admit that Art Partner has not returned the funds at issue in this case to Plaintiff because the funds do not belong to Plaintiff.

**FIRST CAUSE OF ACTION**
**(Unjust Enrichment)**

25. Art Partner restates each and every allegation and averment stated above as though fully set forth herein.

26. Deny the allegations contained in Paragraph 26.

27. Deny the allegations contained in Paragraph 27 but admit that Plaintiff requested that Art Partner return the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

28. State that the allegations contained in Paragraph 28 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations contained in Paragraph 28, but admit that Plaintiff requested that Art Partner return

4

the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

29. State that the allegations contained in Paragraph 29 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny same.

30. State that the allegations contained in Paragraph 30 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny same.

### SECOND CAUSE OF ACTION
### (Money Had and Received)

31. Art Partner restates each and every allegation and averment stated above as though fully set forth herein.

32. Deny the allegations contained in Paragraph 32.

33. Deny the allegations contained in Paragraph 33 but admit that Plaintiff requested that Art Partner return the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

34. State that the allegations contained in Paragraph 34 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny same, and state that Plaintiff requested that Art Partner return the funds at issue in this case and that Art Partner has not returned the funds at issue to Plaintiff because the funds do not belong to Plaintiff.

35. State that the allegations contained in Paragraph 35 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny same.

5

## REQUESTED RELIEF

Plaintiff's prayer for relief necessitates no response, but to the extent any response is required, deny that Plaintiff is entitled to any of the relief requested.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Art Partner makes the following allegations as affirmative defenses against the claims asserted against it without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the course of this action.

### FIRST DEFENSE

2. Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

3. Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff knows that the funds do not rightfully belong to Plaintiff.

### THIRD DEFENSE

4. Plaintiff has not sustained any damages because the funds at issue in this case do not belong to Plaintiff.

### FOURTH DEFENSE

5. Even if Plaintiff were damaged (which it is not), Plaintiff has failed to mitigate its damages by consistently refusing to contact Made in K in order to resolve this matter despite numerous requests by Art Partner.

### FIFTH DEFENSE

6. Plaintiff has failed to join a necessary party to this case – Made in K – pursuant to Fed. R. Civ. P. 19.

7. Art Partner reserves the right to assert additional defenses as discovery in this case progresses.

WHEREFORE, Art Partner respectfully requests that this Court enter judgment in its favor and against Plaintiff, as follows:

1. Denying all relief sought by Plaintiff in the Complaint;

2. Dismissing the Complaint in its entirety with prejudice;

3. Finding that Plaintiff is not entitled to any damages;

4. Declaring that the funds at issue in this case rightfully belong to Art Partner; and

5. Granting all such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 6, 2016

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

By: /s/ Scott J. Sholder
Nancy E. Wolff
Scott J. Sholder
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
ssholder@cdas.com

*Attorneys for Defendant Art Partner, Inc.*